GALLMAN v. UNION HARDWOOD MFG. CO.

1. NEGLIGENCE—RISKS.—MASTER is bound to use reasonable care to prevent injury to servant but not to prevent the servant from assuming the risks incident to the employment.
2. MATERIAL.—MASTER must act as man of ordinary care in instructing servant as to use of material and in inspecting it.
3. IBID.—APPLIANCES—NEGLIGENCE—MASTER.—MATERIAL to be manufactured is not an appliance, and master is only required to use ordinary care in furnishing it.
4. CHARGE—NEGLIGENCE—MASTER.—Instruction that precautions taken by master after accident cannot be considered by the jury is not a charge on the facts.
5. EXCEPTION too general.

Before GAGE, J., Union, July, 1901.   Affirmed.

Action by J. T. L. Gallman, by guardian *ad litem,* against Union Hardwood Manufacturing Company.   From judgment for plaintiff, defendant appeals.

*Messrs. Carson & Scaife,* for appellant.

*Messrs. Munro, Duncan & Sanders,* contra.

February 9, 1903.   The opinion of the Court was delivered by

MR. JUSTICE GARY. All the questions raised by this appeal, arise out of the charge of his Honor, the presiding Judge. The allegations of the complaint material to the questions under consideration are as follows:

"III. That at the times hereinafter mentioned the defendant was carrying on the business of manufacturing 'picker sticks' and shuttles at its place of business in Union County, S. C., and said J. T. L. Gallman was in the employ of said defendant as a workman in its machinery department, and was engaged in working at a 'joiner,' a dangerous planing machine, used to smooth the sides of sticks of wood cut into sizes and shapes to be converted into picker sticks. That in the operation of said machine said stickers are pushed over a tabular surface, and through an opening in said surface come in contact with a set of knives and blades which rotate at a high rate of speed. That said J. T. L. Gallman was directed by the defendant to press his hands upon said sticks and thereby hold said sticks against said blades and knives while they passed over and were operated upon by said blades and knives.

"IV. That on or about the 5th day of June, A. D. 1901, while said J. T. L. Gallman was in the performance of his duty as an employee of said Union Hardwood Manufacturing Company and engaged in working at said machine, and while said machine was running and in operation, a rough, knotty and defective stick suddenly threw his left hand upon said knives and blades, which caught and cut off the second and third fingers and seriously injured the index finger thereof.

"V. That said injuries as aforesaid were caused to the plaintiff by the negligence, fault and carelessness of the defendant: (1) In failing to inspect said rough, knotty and defective stick, and remove it from a pile of sticks which plaintiff was running over said machine, and in furnishing plaintiff defective material to work with. (2) In failing to warn plaintiff of the defects of said material. (3) In allowing plaintiff to operate said machine without providing

13—65

a competent and experienced overseer to properly instruct him as to its use and dangers. (4) In failing to provide and furnish safe machinery, appliances, guards and protectors, and in providing and using unsafe, defective and insecure machinery and appliances and material."

The first exception alleges error as follows: "1. In refusing to charge the plaintiff's sixth request to charge: 'Ordinary risks are such as remain after the employer has used all reasonable means to prevent them.'" His Honor said: "The sixth proposition I do not charge because I do not understand it." He was right in refusing it, because it did not embody a sound proposition of law. Risks are incidental to the employment of a servant by the master; and while the master is bound to use reasonable care to prevent injury to the servant, there is no law requiring him to use such care to prevent the servant from assuming the risks incidental to the employment. Furthermore, his Honor charged the law applicable to the case that the master was bound to exercise reasonable care in furnishing the servant with material to feed the machinery.

The second exception alleges error as follows: "II. In charging the jury as follows: 'There is no rule of law which requires that the master shall go out and tell the servant what kind of material it was, or warn him about it or inspect it;' and thereby charging upon the facts that certain omissions on the part of the master did not constitute negligence." After charging the jury as stated in this exception, his Honor added the words: "He must act as a man of ordinary care under the same circumstances about the same matter, would have acted, and, if he acted short of that, he is liable; if he acted up to that, he is not liable." If the presiding Judge had undertaken to instruct the jury what facts would or would not constitute negligence, he would have invaded the province of the jury. He, therefore, properly submitted the question to the jury whether, under all the facts and circumstances of this case, the master exercised reasonable care.

The third exception alleges error in the following particular: "III. In charging the jury that it was unnecessary for the master to have the material furnished the servant inspected or examined." This exception is taken under a misapprehension, as the record fails to disclose such fact.

The fourth exception assigns error as follows: "IV. In charging the jury that the material furnished for use in the machinery was not an appliance." This is the first time the question under consideration has been presented to this Court for adjudication. There is a wide distinction between "material" and "appliances." The term appliances refers to the machinery and all the instruments used in operating it. *Bodie* v. *Ry. Co.,* 61 S. C., 480, 39 S. E. R., 715. 2 Enc. of Law (2d ed.), 431, note 3. In 20 Enc. of Law (2d ed.), 232, it is said: "Materials include everything of which anything is made." Webster's International Dictionary defines material to be: "The substance of matter out of which anything is made or may be made." While it is unquestionably the duty of the master to provide his servants with safe and suitable appliances and to see that they are kept in proper repair, it is no part of his duty to furnish material upon which the machinery may operate. He, however, may furnish this material, in which case he is only bound to observe the rule, *"sic utere tuo ut non alienum laedas,"* or to exercise reasonable care in so doing. The appliances, in contemplation of law, are always provided by the master employing the servants to operate them. But the materials out of which articles are to be made by the machinery are frequently furnished by third parties, as, for instance, a public saw mill or cotton gin. When the master furnishes the material, he stands upon the same footing as a third party so doing, and is only responsible when he fails to exercise ordinary care.

The fifth exception assigns error as follows: "V. In charging the jury the defendant's ninth request to charge as follows: 'The fact, if it be a fact, that precautions are taken by a defendant after an injury has occurred, cannot

and should not be considered by a jury, in order to determine whether such defendant was negligent in not taking the same precaution before the injury,' and thereby charging upon the facts and instructing the jury that certain facts, if established in the case, are not to be considered by them." It will be observed that the exception does not raise the question, that the proposition of law stated in the charge was erroneous, but that the error consisted in charging upon the facts. Our construction of the charge is that the Circuit Judge intended to lay down a general principle of law for the guidance of the jury, to which they were to apply the facts of the particular case. If there was error, it consisted in stating an unsound rule of law, and not in charging upon the facts of the case.

The sixth assignment of error is as follows: "VI. In charging the jury that a master employing an inexperienced servant to operate a dangerous machine was not required to exercise a higher degree of care in the selection and inspection of material than one who employed a servant to chop wood." This exception was taken under a misapprehension, as the record does not disclose such charge.

The seventh assignment of error is as follows: "VII. In charging defendant's first request to charge, as follows: 'The duty of a master to his servant in respect to furnishing machines to work with is fully performed when he furnishes a sound machine, such as is usually and customarily used by men of ordinary care in performing the same kind of work.'" This exception is too general, as it fails to specify in what respect the request was erroneous.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.